UNITED STATES of America,
Appellant,

v.

Alan R. LANGE, Appellee.

No. 89–2588SI.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1990.

Decided Nov. 2, 1990.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for appellant.

Peter W. Berger, Des Moines, Iowa, for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HEANEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

On June 22, 1989, Alan R. Lange pleaded guilty to theft of government mail by a postal employee, in violation of 18 U.S.C. § 1709. The District Court determined the appropriate total offense level under the Sentencing Guidelines to be seven, comprised of a base offense level of four, a special offense characteristic of one, and a two-level increase for more than minimal planning. Lange was sentenced to four years of probation, including sixty days in residence at the Fort Des Moines Residential Correction Center. He was also ordered to perform fifty hours of community service and pay $645 in restitution. In this appeal, the government challenges the District Court's application of the Sentencing Guidelines. It claims that the Court erred in refusing to adjust the offense level upward for obstruction of justice and abuse of a position of public trust. We reverse and remand for resentencing.

Lange was a mail handler with the United States Postal Service from May 1982 to December 1988. He dealt with express and certified mail one day a week. After cash was found to be missing from express and certified mail on the days Lange handled that mail, postal inspectors confronted Lange and found stolen cash and mail on his person. As part of an agreement with the government, Lange pleaded guilty to stealing $70 from an express letter. Lange also entered into a Stipulation of Facts in which the government claimed that Lange opened numerous other letters and stole a total of $645. Lange maintained in the Stipulation of Facts, and at the plea hearing, that he stole only $90 from three pieces of mail.

A Presentence Report, prepared by the United States Probation Office, concluded that Lange stole the $645 alleged by the government. In a filing attacking the findings in the Presentence Report, Lange repeated his claim that he took only $90. He made the same statement under oath at the time of his guilty plea. At sentencing, however, Lange confessed to the Court that he had lied about the extent of his thefts, and he admitted responsibility for the additional thefts which he had previously denied. Lange had lied earlier, he said, in order to minimize his sentence under the Sentencing Guidelines. Tr. 91–92.

█ The government requested that Lange be assessed an additional two points under the Sentencing Guidelines for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The District Court declined to do so, stating that

there has not been a showing that there was an intentional obstruction of justice by the failure of the defendant to state truthfully what had occurred at the plea

proceeding or other earlier proceedings. The Court, in particular, finds that there was not, in fact, obstruction, and the Court does not find that the statements that were not true were designed ... to obstruct to bring him to justice.

Tr. 122.

We believe it was error for the District Court not to assess the additional points for obstruction of justice. U.S.S.G. § 3C1.1 provides that "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." The Commentary to § 3C1.1 further clarifies the intended application of the section: it is to "provid[e] a sentence enhancement for a defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding. . . ." Lange admitted both the falsity of his previous statements and the purpose of those statements—to receive a lighter sentence.[1] Accordingly, Lange should have received the two-level enhancement.

We do not hold that a two-level increase for obstruction of justice is automatically required anytime a defendant lies during an investigation or prosecution. Rather, the falsehood must be material. The Application Notes to U.S.S.G. § 3C1.1 include "testifying untruthfully or suborning untruthful testimony concerning a material fact" and "furnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court" in a list of conduct which may provide a basis for the two-level enhancement. Lange admitted that he lied about the extent of his thefts. The value of stolen property was clearly a material fact in these judicial proceedings, because under the applicable Guideline for theft, U.S.S.G. § 2B1.1, the offense level increases as the value of the property taken increases. Therefore, Lange's repeated misrepresentation was material, deserving of the addi-

tional two points. *Cf. United States v. Blackman,* 904 F.2d 1250, 1260 (8th Cir. 1990) (dissenting opinion) (Commission intended to punish only material falsehoods).

Lange relies on Application Note 1 to U.S.S.G. § 3C1.1, which reads as follows:

This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt is not a basis for application of this provision.

We read the phrase "denial of guilt" to refer to a defendant's constitutional right to put the government to its proof by pleading not guilty to the offense charged. A defendant who initially pleads not guilty and then changes his plea, admitting guilt under oath, may not be assessed the two-level enhancement on the theory that his false not-guilty plea was an obstruction of justice. Moreover, a defendant faced, as Lange was, with allegations of conduct outside the offense charged that would enhance his potential penalty under the Guidelines has a right to assert his Fifth Amendment right not to incriminate himself, or simply to stand mute. That is not what Lange did. He deliberately lied, both to the Probation Office and under oath in open court, knowing that the truth would adversely affect his status under the Guidelines. There is no constitutional right to lie.

■ The government also argues that the District Court erred in not enhancing the offense level for abuse of a position of public trust, § 3B1.3. That section provides for a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. . . ." The section is not to be applied, however, "if an abuse of trust or skill is included in the base offense level or specific offense characteristic."

The District Court refused to apply the abuse-of-public-trust enhancement because

---

**1.** Lange testified that "[t]he mail that had my prints on it and what we had stipulated to, the way I understood it that if I come forward with that and it went through, that the federal guide-

lines for that offense was so much lighter than what if I had come forward and said, 'Well, I did all of it.' And I just—that's what I did. I just—I did it." Tr. 91.

it believed "that in all postal theft cases, trust is built into the guidelines and the statute and cannot be added to." Tr. 121–22. While the underlying criminal statute does assume an abuse of public trust, because it specifically addresses theft of government mail "entrusted" to a postal employee, our understanding of the caveat to application of § 3B1.3 is different from the District Court's. The enhancement is not to be applied when the base offense level or a specific offense characteristic takes into account abuse of public trust. Under the Guidelines, the base offense level for any theft is four. U.S.S.G. § 2B1.1. Lange was assessed an additional point as a special offense characteristic (for theft over $100 but less than $1,000), which was calculated solely from the amount stolen. 18 U.S.C. § 1709 provides a maximum sentence for theft by a postal employee (five years' imprisonment, a $2,000 fine, or both), but the statute does not otherwise affect the base offense level or specific offense characteristic under the Sentencing Guidelines.

The question then remains whether the thefts committed by Lange were an abuse of a position of public trust. The Application Notes to § 3B1.3 state that "[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons." Accordingly, the adjustment would not apply "to an embezzlement by an ordinary bank teller." Lange argues that his thefts were like "embezzlement by an ordinary bank teller"—any postal employee may steal from the mails. We disagree. Lange had direct access to express and certified mail as a substitute handler one day a week. Postal employees in general did not have the same opportunity as Lange to steal from this type of mail and conceal the crime, and the kinds of mail involved are especially sensitive and proba-

bly more likely to contain things of value than mail in general. We think the enhancement provided in § 3B1.3 is aimed at this conduct, and the District Court should have added two points to Lange's offense level.[2]

In sum, the District Court erred by not adding a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and another two-level enhancement for abuse of position of public trust, pursuant to U.S.S.G. § 3B1.3. The sentence is reversed, and the cause is remanded for resentencing in a manner not inconsistent with this opinion.

HEANEY, Senior Circuit Judge, dissenting.

We should affirm the district court. The sentence imposed by the district court is consistent with the broad purposes of the Sentencing Reform Act and the Guidelines. It fully protects society and fulfills the stated goals of the Sentencing Commission. Furthermore, it shows a sensitivity on the part of the district judge which is entirely appropriate and should be encouraged. The government never should have appealed this case, and we certainly ought not to reverse it. If the majority opinion in this case is permitted to stand, this court will be sending a message to every district court judge in the circuit that when it comes to sentencing, you are to leave common sense at the door and apply the Guidelines in a totally mechanical way. Neither the Congress nor the Sentencing Commission intended that this should be the case.

Under the district court's application of the guidelines to this case, Lange had an offense level of 7 with a guideline range of 1–7 months imprisonment, for which the district court properly could substitute a sentence of probation and intermittent or community confinement. *See* U.S.S.G.

---

**2.** We decline to address the government's argument that the District Court erroneously held the government to a higher standard in proving enhancing factors than the defendant in proving mitigating factors. There is no factual dispute in this appeal, and we reverse the District Court on its failure to apply U.S.S.G. §§ 3C1.1 and

3B1.3 as a matter of law. See *United States v. Werlinger*, 894 F.2d 1015, 1016 (8th Cir.1990) (question whether § 3C1.1 applies to defendant's conduct calls for interpretation of the scope of the Guidelines; therefore, it is a question of law which this Court may review de novo).

§ 5B1.1(a)(2). The majority's interpretation of the guidelines increases Lange's offense level to 11, with a sentencing range of 8–14 months, for which the district court must impose at least four months confinement in prison and a term of supervised release to include an additional four months of intermittent or community confinement. *See id.* § 5C2.1(d). Under the circumstances of this case, the district court acted within its discretion in sentencing Lange as it did. The net result of remanding this case for resentencing will be to expend finite prison resources on a nonviolent, first-time offender when both society and the offender would be better served by execution of the sentence imposed by the district court.

## I. Obstruction of Justice

Neither the government nor the United States Probation Office believed Lange's stipulation during plea negotiations that he had stolen only $90 from express or certified mail. The government steadfastly maintained that the actual amount of Lange's thefts was $645, and agreed with the presentence investigation report's recommendation that Lange's offense level be increased one level based on a total loss to victims in this amount. The government and the probation office also agreed that Lange owed restitution of $645, despite Lange's assertion to the contrary. The government thus challenged the veracity of Lange's stipulation regarding the amount of his thefts throughout the plea agreement and presentence investigation process.

The government never suggested that Lange's apparent lies constituted an attempt to obstruct justice or merited a two-level enhancement, however, until Lange recanted them before sentencing. The government thus sought an enhancement for obstruction of justice only when, and because, Lange ceased the allegedly obstructive activity. Lange, in turn, will have his sentence enhanced from one of probation to one which must include imprisonment not because he misrepresented the amount of his thefts, a fact which the government recognized all along, but because he came forward with the truth before sentencing rather than adhering to his earlier story. Surely neither Congress nor the Sentencing Commission intended the enhancement for obstruction of justice to have such an effect.

The majority opinion demonstrates that Lange's misrepresentations technically fall within the definition of "wilfully obstructing or impeding proceedings" in guideline section 3C1.1. Application of the obstruction enhancement under the circumstances of this case, however, elevates form over substance.

Lange, a forty-one year old veteran with no prior criminal record, voluntarily admitted lying about the extent of his thefts and that he had done so in hope of receiving a shorter sentence. Moreover, he made this admission prior to sentencing, insuring that his lies would not have the effect he originally desired. It was only at this point in the proceedings, a point at which Lange's lies could no longer have any possible obstructive effect, that the government sought an increase in Lange's offense level for obstruction of justice.

The district court carefully considered these circumstances in determining that Lange's actions did not warrant the obstruction enhancement. The sentence imposed, which included a one-level increase to reflect the $645 theft, four years probation with two months of community confinement, fifty hours of community service, and payment of $645 in restitution, adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords deterrence to criminal conduct, and protects the public from further crimes by Lange. *See* 18 U.S.C. § 3553(a)(2) (1988). Accordingly, the district court's application of the guidelines represents careful consideration of the appropriate sentencing factors and constitutes "a sentence sufficient, but not greater than necessary, to comply with the purposes" of the Sentencing Reform Act. *See* 18 U.S.C. § 3553(a).

As noted earlier, the majority's insistence on mechanical adherence to the letter of

the guidelines despite the district court's finding that the obstruction enhancement was not warranted will force the district court to send Lange to prison for at least four months. Lange, as a first offender, belongs to the group of criminal defendants that historically has performed most successfully on probation, showing the lowest rates of both probation violations or revocation and recidivism. *See, e.g.,* U.S. Probation Office, Eastern District of Arkansas, *A Statistical Study of Supervision and Violations 1980–1985* at 92 (Nov. 1986); P. Texter & D. Huie, *A Statistical Review of the United States Probation Office, Eastern District of Arkansas 1970–1979: A Study of Recidivism, Supervision and Violations* 15, 19, 22 (Aug. 1981). Congress recognized this fact in establishing and defining the duties of the Sentencing Commission. *See* 28 U.S.C. § 994(j) (1988) ("The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense …").

Given these considerations, we should not lightly vacate the district court's reasoned and reasonable sentence. We should be especially reluctant to do so where, as here, a remand for resentencing will result in the incarceration of an individual with no prior criminal record primarily because he finally chose to admit the truth about his offense.

## II.  Abuse of Position of Public Trust

The district court also properly declined to enhance Lange's offense level for breach of a position of public trust. The majority correctly notes that neither the base offense level nor specific offense characteristic for theft take into account abuse of public trust. The majority errs, however, in concluding that Lange's status as a mail handler "contributed in some substantial way to facilitating" his thefts rather than merely providing him with "an opportunity that could as easily have been afforded to other persons." *See* U.S.S.G. § 3B1.3 Application Note 1.

Application Note 1 to section 3B1.3 illustrates the distinction between a position of trust which *substantially facilitates* a crime and one that merely *provides an opportunity* for crime with the example of "embezzlement by an ordinary bank teller," to which the adjustment does not apply. The majority attempts to distinguish Lange's position from that of a bank teller by describing how his enhanced opportunity to steal from express and certified mail substantially facilitated his crime. A comparison of Lange's opportunities for theft with those available to the average bank teller, however, reveals no meaningful difference between the two positions.

A bank teller's position provides certain access to large amounts of cash on a daily basis. Monitoring of cash transactions by the bank and its customers limit somewhat the teller's opportunities for undetected theft. Lange's position as an express and certified mail handler provided him with occasional access to uncertain quantities of cash and valuables one day each week. Monitoring of the valuable contents of the mail by its senders and recipients limited Lange's opportunities for undetected theft. Thus, Lange's job as a mail handler merely provided an opportunity for crime that was also afforded to every other handler of express and certified mail, much as a bank teller's job provides an opportunity for crime that is also afforded to every other bank teller. Lange's access to express and certified mail no more "substantially facilitated" his thefts therefrom than a bank teller's access to bank deposits would substantially facilitate his embezzlement of those funds.

Lange's thefts from the mail differ in no meaningful way from embezzlement by an ordinary bank teller, and do not merit the enhancement for abuse of a position of public trust. Accordingly, I dissent.