UNITED STATES of America,
Plaintiff–Appellee,

v.

William Franklin MILLIGAN,
Defendant–Appellant.

No. 91–8092.

United States Court of Appeals,
Eleventh Circuit.

April 16, 1992.

Charles Michael Abbott, Atlanta, Ga., for defendant-appellant.

Sally Quillian Yates, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

This case raises the issue of whether a post office window clerk is in a position of trust within the meaning of the enhancement provisions of the Sentencing Guidelines. The district court so held in giving an enhanced sentence to William Franklin Milligan, who pleaded guilty to misappropriation of postal funds, in violation of 18 U.S.C. § 1711, and embezzlement, in violation of 18 U.S.C. § 641. We affirm.

Milligan was employed as a post office window clerk. Postal clerks were consigned a quantity of stamps, envelopes, money orders and other supplies. Although clerks prepared daily financial reports, they were only audited every four months. Manual accounting was replaced by an automated Integrated Retail Terminal (IRT). Each clerk was assigned an IRT disk with an identification number which appeared on all receipts. Milligan reported that his disk was malfunctioning, and he was issued a second disk. He then was able to use the first disk, which was actually still operable, for the issuance of receipts which did not appear on the accounting form generated by the computer, and to withhold the receipts of money reflecting those transactions.

Section 3B1.3 of the Sentencing Guidelines, provides that "[i]f the defendant abused a position of public or private trust, ... in a manner that significantly facilitated the commission or concealment of the offense, increase by two levels." [1]

This Court has not as yet considered cases involving a position of trust under this section. [2] Other courts have considered

---

1. United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.) § 3B1.3 (Nov. 1991).

2. *United States v. Fuente–Kolbenschlag*, 878 F.2d 1377 (11th Cir.1989), involved a section 3B1.3 enhancement for use of a special skill.

a number of factors, some that overlap, in determining whether a defendant was in a "position of trust." These include:

— "the extent to which the position provides the freedom to commit a difficult-to-detect wrong," and whether an abuse could be "simply or readily noticed," [3]

— the duties as compared to those of other employees,[4]

— the level of specialized knowledge,[5]

— the level of authority in the position,[6]

— and the level of public trust.[7]

Viewed in light of these cases, we would ordinarily have no difficulty deciding that Milligan was subject to enhancement. Milligan was subject to an audit only every four months, therefore an abuse could not be readily noticed. He had specialized knowledge and apparently unsupervised access to the IRT so that he could simply move funds in and out of accounts. There was a degree of public trust given to him as a postal employee. Although his position was non-supervisory and involved a visible work station at a public counter, the degree of authority he had indicates a position of trust that enabled him to facilitate both the commission and the concealment of the offense by abuse of his position. The Sentencing Commission's comment on 3B1.3 reflects characteristics of Milligan's job. "The position of trust must have contributed in some substantial way to facilitating the crime and not merely provided an opportunity that could as easily have been afforded to other persons." [8]

Milligan has cited no cases which have held that a person in his position is not subject to enhancement. The postal employee cases in other circuits, although not directly on point, indicate support for the district court's decision here. In *United States v. Lange*,[9] the court enhanced the sentence of a postal employee who had direct access to express and certified mail, giving him a special opportunity to steal items of value and to conceal the crime. Distinguishing *Lange*, a district court in Illinois refused to enhance the sentence of a "casual mail handler in *United States v. Arrington.*"[10] Milligan's work position is significantly closer to that of *Lange* than

**3.** *United States v. Hill*, 915 F.2d 502, 506–07 (9th Cir.1990) (truck driver transporting household goods of families, who were relocating outside of country and would not be able to inspect goods in Texas, was in a position of trust); *United States v. Castagnet*, 936 F.2d 57, 62 (2d Cir.1991) (former airline agent, who used computer access code to issue tickets to self, abused position of trust).

**4.** *United States v. Lange*, 918 F.2d 707, 709–10 (8th Cir.1990) (postal employee who "had direct access to express and certified mail as a substitute handler one day a week" was in position of trust).

**5.** *United States v. Ehrlich*, 902 F.2d 327, 331 (5th Cir.1990) (bank loan clerk, who had specialized knowledge of Electronic Data Systems and non-reconciled accounts that only a few other employees had, was in position of trust).

**6.** *United States v. McMillen*, 917 F.2d 773, 774–75 (3d Cir.1990) (branch manager of savings and loan association, who was in a supervisory position and without material limitations on authority, was in a position of trust); *United States v. McElroy*, 910 F.2d 1016, 1027–28 (2d Cir.1990) (chief officers of banks in positions of trust); *United States v. Ehrlich*, 902 F.2d 327, 331 (5th Cir.1990) ("authority to routinely initiate loan balancing transactions, which facilitated her embezzlements"). *But see United States*

v. *Kosth*, 943 F.2d 798, 800 (7th Cir.1991) (defendant's arrangement with bank was standard commercial relationship, no special private trust); *United States v. Berkowitz*, 712 F.Supp. 707, 708–09 (N.D.Ill.1989) (defendant who stole documents from U.S. Attorney's office while conducting discovery "took advantage of an opportunity" but did not abuse position of private trust), *rev'd and remanded on other grounds*, 927 F.2d 1376 (7th Cir.1991).

**7.** *United States v. Rehal*, 940 F.2d 1, 5 (1st Cir.1991) (police officer abused position of trust, "was charged with enforcement of law.... used his intelligence, and knowledge as a police officer ... to conceal his own illegal activities ... suborned other officers into violation of their duties"); *United States v. Foreman*, 926 F.2d 792, 795 (9th Cir.1990) (police officer who displayed badge and police identification, abused her position as officer in attempt to conceal criminal activity); *United States v. Muxlow*, 759 F.Supp. 1258, 1262 (E.D.Mich.1991) (uniformed police officer carrying hand gun abused position of trust in drug offense).

**8.** U.S.S.G. § 3B1.3, comment. (n. 1).

**9.** 918 F.2d 707 (8th Cir.1990).

**10.** 765 F.Supp. 945, 949–50 (N.D.Ill.1991).

that of *Arrington.* Milligan was not a casual mail handler. He had special opportunity and access which facilitated his crime.

The difficulty with this case, however, comes from the Sentencing Commission's comment on § 3B1.3 as to its inapplicability to bank tellers:

> This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.[11]

Milligan contends that his embezzlement as a postal window clerk is no different from embezzlement by an ordinary bank teller and that he handled less money than a bank teller. Although the matter is not entirely without doubt, we accept the Government's argument that there are significant differences between Milligan's situation and that of an ordinary bank teller. Milligan was not subject to daily audits. He prepared reports daily, but he was audited only once every four months. This infrequent monitoring, combined with his access to the computer system and the additional disk, indicates that significantly more trust was given him than to an ordinary bank teller.

As the sentencing guideline and the commentary do not conflict in this case, we need not address any possible inconsistency between the two.[12] Contrary to Milligan's argument, the enhancement for abuse of a position of trust is different from an adjustment for "more than minimal planning" under U.S.S.G. § 2B1.1(b), so that each justifies enhancement.[13]

Milligan concedes that an abuse of trust is not included in the base offense level for the statute he was convicted under, which would otherwise prohibit enhancement.[14] This is an appropriate concession. As the Government points out, the guideline that applies to this case, 2B1.1, covers all kinds of theft. Therefore, the only way that an embezzler receives any kind of enhancement for abuse of position of trust is through this abuse of trust enhancement.

The parties disagree as to the proper standard of review for this case. The circuits are divided.[15] We need not resolve this issue, however, because the district court's enhancement of Milligan's sentence under U.S.S.G. § 3B1.3, was proper, whether reviewed *de novo,* as clearly erroneous, or as a mixed question of law and fact.

AFFIRMED.

---

11. U.S.S.G. § 3B1.3, comment, n. 1.

12. *See generally United States v. Anderson,* 942 F.2d 606 (9th Cir.1991); *United States v. Castagnet,* 936 F.2d 57 (2d Cir.1991).

13. *See United States v. Georgiadis,* 933 F.2d 1219, 1226–27 (3d Cir.1991).

14. "This adjustment may not be employed if an abuse of trust or skill is included in the base level or specific offense characteristic." U.S.S.G. § 3B1.3.

15. Milligan urges that whether this guideline is applicable is a legal question subject to *de novo* review and cites *United States v. McMillen,* 917 F.2d 773, 775 (3d Cir.1990). *See United States v.*

*Lange,* 918 F.2d 707, 710 & n. 2 (8th Cir.1990); *United States v. Hill,* 915 F.2d 502, 505 (9th Cir.1990). The Government, on the other hand, submits that the matter is a determination of fact reversible only if clearly erroneous and cites *United States v. Ehrlich,* 902 F.2d 327, 330 (5th Cir.1990) (a sophisticated factual determination). *See United States v. Helton,* 953 F.2d 867 (4th Cir.1992); *United States v. Rehal,* 940 F.2d 1, 5 (1st Cir.1991); *United States v. McElroy,* 910 F.2d 1016, 1028 (2d Cir.1990) (abuse of discretion). In other cases, courts regard the question as similar to a mixed question of law and fact entitled to due deference. *See United States v. Castagnet,* 936 F.2d 57, 58–59 (2d Cir. 1991); *United States v. Young,* 932 F.2d 1035, 1036 (2d Cir.1991); *United States v. Foreman,* 926 F.2d 792, 794–95 (9th Cir.1991) (amending, but denying petition for rehearing).