**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph Eugene LEVY, Defendant–Appellant.**

**No. 91–5061.**

United States Court of Appeals, Tenth Circuit.

May 3, 1993.

Tony M. Graham, U.S. Atty., and Catherine J. Depew, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, and Jill M. Wichlens, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.

SEYMOUR, Circuit Judge.

Joseph Eugene Levy appeals the district court's judgment against him in this criminal matter. Levy was charged with two counts of embezzlement by a trustee and other bankruptcy offenses in a six-count indictment on September 6, 1990. He pled guilty to the embezzlement counts, and the government agreed to dismiss the remaining counts. Beginning on March 25, 1991, the district court held a four-day sentencing hearing at which evidence was presented, both in support of the government's presentence report and addendum, and in support of Levy's objections to the presentence report. The district court sentenced Levy to forty-two months' imprisonment and three years of supervised release. In addition, the court ordered restitu-

tion of $199,585.16. Rec., vol. I, doc. 23. On appeal, Levy raises numerous sentencing issues. For the reasons set out below, we reverse and remand for resentencing.

I.

Levy cofounded and operated a computer software company called Physicians Digital Resources, Inc. (PDR). After several years of successful operation, both Levy and the company began experiencing financial difficulties. Levy and PDR filed separately for Chapter 11 bankruptcy. Levy continued to control the assets and accounts of PDR as custodian of the debtor-in-possession bankruptcy estate. The two bankruptcy cases were consolidated. Subsequent allegations of mismanagement led to the appointment of an independent trustee and an examiner to investigate Levy's financial management of the debtor, PDR. Following the examiner's report, Levy was charged with various bankruptcy crimes in connection with his financial dealings with PDR. Counts one and two of the indictment alleged that Levy embezzled PDR funds totalling $39,641.37 for personal use, in violation of 18 U.S.C. § 153. These are the counts to which he pled guilty. The remaining counts charged Levy with violations of 18 U.S.C. § 152. Counts three and four alleged that Levy had concealed PDR assets from the trustee and creditors, and had destroyed PDR documents, including accounts receivable records. Counts five and six charged Levy with making fraudulent accounting entries in PDR's books and making and filing false monthly operating reports with the bankruptcy court. All of these latter four counts were dismissed upon the plea of guilty.

Levy contends that the district court 1) erroneously placed the burden of proof on him at the sentencing hearing to overcome factual allegations in the presentence report, 2) erred in increasing his offense level for obstruction of justice, 3) erred in increasing his offense level for abuse of a position of trust, and 4) erred in imposing restitution of

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

a greater amount than charged in counts one and two of the indictment. On appeal from a district court's sentencing under the Federal Sentencing Guidelines, we review the district court's supporting factual findings under the clearly erroneous standard, and review disputed legal issues de novo. *United States v. Roberts,* 980 F.2d 645, 647 (10th Cir.1992).

## II.

### A. *Burden of Proof.*

 Levy first contends that the district court impermissibly placed the burden of proof on him at the sentencing hearing, requiring him to disprove the factual allegations contained in the presentence report. The parties agree that allocation of the burden of proof is subject to de novo review, as a legal issue. *See United States v. Kirk,* 894 F.2d 1162, 1163 (10th Cir.1990). Our review of the record on appeal convinces us that the district court did not place the burden of proof on Levy. The record demonstrates that the government presented substantial evidence in support of the presentence report. The court said that it considered the government's evidence "compelling," rec., vol. IV at 191, and looked to Levy to present evidence that would directly and substantively contradict the government's evidence, *id.* at 190–91. The district court properly placed the burden of proof on the government to establish the factual elements used in the presentence report. *See United States v. Reid,* 911 F.2d 1456, 1461 (10th Cir.1990) (government bears burden of proof for sentencing increases), *cert. denied,* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).

### B. *Obstruction of Justice.*

 Levy asserts that the district court erroneously increased his offense level for an obstruction of justice under U.S.S.G. § 3C1.1. Levy presents two arguments in support of this contention: a) that the obstruction increase results in his being punished twice for the same conduct because the increase was based on conduct that was also used to increase his offense level under U.S.S.G. § 2B1.1, and b) that the obstruction increase is improper because it is based on conduct unrelated to the crimes of conviction. These are legal questions involving interpretation of the Federal Sentencing Guidelines,[1] which we review de novo.[2] *See United States v. LeRoy,* 984 F.2d 1095, 1096 (10th Cir.1993); *United States v. Barry,* 938 F.2d 1327, 1332 (D.C.Cir.1991). We need not reach the first argument because we find the second persuasive and reverse on this issue.

Section 3C1.1 of the Federal Sentencing Guidelines states: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing *of the instant offense,* increase the offense level by 2 levels." (emphasis added). The presentence report, on which the district court based Levy's sentence, rec., vol. V at 453, listed the following conduct in support of an increase for obstruction of justice: a) that Levy had, in or about February, 1990, destroyed ledgers and altered PDR's accounts receivable reports, and b) that Levy had concealed PDR assets in a storage facility in January, 1990.

 None of these acts is related to counts one and two, the embezzlement charges on which Levy was convicted. Levy

---

1. The government characterizes Levy's arguments on this issue as challenging the sufficiency of the evidence, "raising a primarily factual question on appeal." Appellee's Br. at 10. In his objections to the presentence report, Levy did deny the government's factual allegations in support of the obstruction of justice enhancement, rec., vol. I, doc. 16 at 7–8, but he does not do so on appeal.

2. The government contends Levy waived his right to argue these grounds on appeal because he failed to raise them below. Because "the imposition of an illegal sentence constitutes plain error," *United States v. Wainwright,* 938 F.2d 1096, 1098 (10th Cir.1991), we may address Levy's arguments. *See United States v. Smith,* 919 F.2d 123, 124 (10th Cir.1990). Moreover, we note that Levy objected to the factual allegations supporting this enhancement, stating that the allegations were incorporated into a count that the government had agreed to dismiss. Rec., vol. I, doc. 16 at 7–8. The government, in its addendum to the presentence report, summarized Levy's objection as an "argu[ment] that the alleged conduct is not included in the count of conviction, therefore, it should not be considered in the sentencing decision." Rec., vol. II, Addendum at 7.

pled guilty to two counts of embezzlement which alleged that, between June of 1989 and January of 1990, he had used PDR funds for personal use. The conduct relied on to support an obstruction of justice enhancement must relate to the crime of conviction. *United States v. Belletiere*, 971 F.2d 961, 967 (3d Cir.1992); *see Barry*, 938 F.2d at 1332–37; *United States v. Dortch*, 923 F.2d 629, 632 (8th Cir.1991). Furthermore, the presentence report does not state, nor is it apparent from the presentence report or the facts as stated therein, that these acts could have or did impede or obstruct any investigation of the embezzlement charges. *See United States v. Yates*, 973 F.2d 1, 5 (1st Cir.1992); *see also United States v. Lamere*, 980 F.2d 506, 516 (8th Cir.1992); *Belletiere*, 971 F.2d at 968; *Barry*, 938 F.2d at 1334. Accordingly, we conclude that the obstruction of justice enhancement was improper.[3]

### C. *Abuse of a Position of Trust.*

■ Next, Levy contends that the district court erred in increasing his offense level for abuse of a trust position, pursuant to U.S.S.G. § 3B1.3. Levy was convicted of embezzlement in violation of 18 U.S.C. § 153, entitled "Embezzlement by trustee or officer." Levy argues that, because abuse of trust is an inherent element of the underlying crime, the district court could not increase his offense level for an abuse of trust. Appellant's Br. at 17–18. This, again, is a legal issue which we review de novo. *See United States v. Lieberman*, 971 F.2d 989, 993 (3rd Cir.1992).

> If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense,

increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in *the base offense level or specific offense characteristic.*

U.S.S.G. § 3B1.3 (emphasis added). This guideline thus directs that we look to the base offense level and specific offense characteristics assigned by the guidelines to the crime of conviction. It does not direct us to the elements of the offense itself. *See United States v. Lange*, 918 F.2d 707, 710 (8th Cir.1990) ("the statute does not . . . affect the base offense level or specific offense characteristic under the Sentencing Guidelines."); *see also United States v. Ajiboye*, 961 F.2d 892, 895 n. 4 (9th Cir.1992) (looking to the base offense level under the guidelines, not to the elements of the crime of conviction).[4]

Levy was assessed a base offense level under § 2B1.1 of the guidelines, "Larceny, Embezzlement, and Other Forms of Theft." This base level, covering many forms of theft, does not take into account an abuse of trust. *United States v. Milligan*, 958 F.2d 345, 347 (11th Cir.1992); *see Ajiboye*, 961 F.2d at 895 n. 4. The specific offense characteristics listed in § 2B1.1 likewise do not include an abuse of trust. We conclude that neither the offense level nor the specific offense characteristics assessed against Levy under § 2B1.1 account for an abuse of trust. *See United States v. Lieberman*, 971 F.2d 989, 992 (3d Cir.1992). Levy does not challenge the government's allegations in the presentence report, adopted by the district court, that he held and abused a position of trust, which facilitated the commission of the crime of conviction. Consequently, the district court did not err when it increased Levy's offense level under section 3B1.3.

---

**3.** The government argues that the district court could have enhanced Levy's offense level for obstruction of justice based solely on his untruthful testimony at the sentencing hearing. Nonetheless, the district court did not do so. Remand is appropriate where, as here, we have determined that the district court misapplied the sentencing guidelines and its error affected the court's sentencing choices. *See Williams v. United States*, —— U.S. ——, ————————, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992); *see also United States v. Urbanek*, 930 F.2d 1512, 1516 (10th Cir.1991) (remand necessary where improper offense level used, unless district court

stated sentence would have been the same under either range).

**4.** In *United States v. Chimal*, 976 F.2d 608, 613 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1331, 122 L.Ed.2d 715 (1993), we said that "[t]he adjustment for abuse of a position of trust may not be employed when the elements of the underlying offense include abuse of trust." Notwithstanding this statement, however, we recognized that § 3B1.3 does not prohibit enhancement of a defendant's offense level for abuse of a trust position over and above that inherent in the crime of embezzlement. 976 F.2d at 613–14.

D. *Restitution.*

■ Finally, Levy argues that the district court exceeded its authority under the Victim and Witness Protection Act by ordering restitution in an amount exceeding the loss charged under the crimes of conviction. Appellant's Br. at 19. We review the legality of a district court's restitution order de novo.[5] *United States v. Diamond,* 969 F.2d 961, 965 (10th Cir.1992).

*Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), made clear that a district court may order restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* at 413, 110 S.Ct. at 1981. Levy pled guilty to two counts of embezzlement, charging a loss totalling $39,641.37. The district court erred in ordering restitution in excess of that amount. *See Diamond,* 969 F.2d at 965.

### III.

In sum, Levy's offense level was erroneously enhanced for an obstruction of justice under U.S.S.G. § 3C1.1, and the district court exceeded its authority in ordering restitution in excess of the amount charged in the embezzlement counts to which Levy pled guilty. The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and REMANDED for resentencing consistent with this opinion.

---

**5.** The government urges this court to rule that Levy waived this issue because he did not raise it before the district court. We review the issue because, under *Wainwright,* 938 F.2d at 1098, an illegal sentence constitutes plain error. *United States v. Herndon,* 982 F.2d 1411, 1420 (10th Cir.1992).