**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 96-4968

MICHELANGELO CARROLL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-7-PJM)

Submitted: July 22, 1997

Decided: November 6, 1997

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher M. Davis, Washington, D.C., for Appellant. Lynne A.
Battaglia, United States Attorney, Stephen S. Zimmermann, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michelangelo Carroll appeals his conviction and sentence for unlawful issuance of money orders on February 4 and 5, 1994, 18 U.S.C. § 500 (1994), during the course of his employment as a Rockville, Maryland, post office window clerk. Carroll was acquitted on three counts of conspiracy, theft of government monies, and misappropriation of government funds. He contends that the district court abused its discretion in admitting evidence that an unexplained shortage occurred in his personal cash drawer in November 1993. He also maintains that the district court clearly erred in finding that he abused a position of trust. United States Sentencing Commission Guidelines Manual § 3B1.3 (1996). We affirm.

Afeni Berry Rucker worked part-time as a window clerk in the same post office as Carroll between August 1993 and March 1994. During that time, she was accepting checks stolen and forged by her sister and various friends and using them as a cover for thefts from her own cash drawer. Rucker was expected to testify at Carroll's trial that he told her in late 1993 or early 1994 that he had previously stolen money from his cash drawer and deflected blame for the shortage by pretending that the duplicate key to his drawer had been stolen, when in fact he possessed both keys. The government expected Rucker to testify that, on the basis of this conversation, Rucker invited Carroll to join her ongoing scheme. Before Rucker testified, the district court held that the evidence was admissible under Fed. R. Crim. P. 404(b) to show intent and plan.

In fact, Rucker testified that Carroll never discussed a shortage in his drawer with her, but did tell her that he wanted to be involved in her scheme. Later testimony concerning the November shortage by the manager of the post office and a postal inspector who investigated Carroll was also admitted. In addition, Rucker and her sister, Safonia Williams, testified that in January and February 1994 Carroll accepted seven checks stolen from Sonya Groover and either cashed them or converted them to money orders, even though post office regulations do not permit window clerks to accept checks for cash or as payment for money orders.

2

Rule 404(b) permits evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. It is treated as an inclusive rule in this circuit, excluding only evidence which has no purpose except to show criminal disposition. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Under the Rule, evidence which is relevant (to any issue other than character), necessary, and reliable is admissible. Id. Such evidence may still be excluded if it is more prejudicial than probative. Id. at 196.

The government contends that evidence of the November shortage in Carroll's drawer and his scheme to deflect the blame for it were not excludable under Rule 404(b) under any theory because the evidence was intrinsic to the charged offenses. See United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Other criminal conduct is intrinsic to the charged offense if it is "`inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)). Although the government offered evidence of Carroll's November shortage as Rule 404(b) evidence, its proffer before Rucker's testimony indicates that the government expected that her testimony would establish Carroll's November shortage as a "necessary preliminary" in that Rucker decided to invite Carroll into her scheme after he disclosed his to her. But because she testified that Carroll never discussed the November shortage with her, admission of other witnesses' testimony about it cannot be justified on the ground that it was intrinsic evidence.

However, a plea of not guilty puts the defendant's intent at issue; evidence of similar prior crimes then becomes relevant to prove criminal intent. See Sanchez, 118 F.3d at 196; United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir. 1993). Carroll testified that he accepted all the Groover checks as payment for postage, which would have been perfectly legal. Circumstantial evidence that Carroll had previously stolen money from his drawer was thus relevant to prove that he accepted the Groover checks with criminal intent. The evidence was necessary because Carroll denied Rucker's and Williams' allegations that he knowingly accepted the Groover checks with criminal intent. The evidence, which consisted of testimony by the post office branch manager and the investigator, as well as post office records, was reli-

3

able. The evidence was not the kind which would unfairly inflame the jury against Carroll, as shown by the mixed verdict which resulted. Therefore, the district court did not abuse its discretion in admitting the evidence.

After Carroll's conviction, the probation officer recommended an adjustment for abuse of a position of trust under USSG § 3B1.3. Carroll objected, arguing that his position was similar to a bank teller, a position to which the guideline specifies that the adjustment does not apply. USSG § 3B1.1, comment. (n.1). He further argued that his offense was not difficult to detect. At sentencing, the district court found that the adjustment applied, relying on United States v. Milligan, 958 F.2d 345, 347 (4th Cir. 1992).

The guideline provides that a two-level adjustment be made if the defendant "abused a position of public or private trust," which is defined in the commentary as a position "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." USSG § 3B1.3, comment. (n.1). A person in such a position is "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." Id. The adjustment does not apply to "an ordinary bank teller or hotel clerk" who embezzles or steals because they do not fit this description. Id. The adjustment does apply to postal service employees who engage in theft or destruction of undelivered mail. Id.

The district court's decision is reviewed under the clearly erroneous standard. United States v. Helton, 953 F.2d 867, 869 (4th Cir. 1992). In Milligan, the Eleventh Circuit affirmed the adjustment for a post office window clerk who was audited every four months and who obtained (through pretense) a duplicate computer disk for record-keeping because the combination of these factors showed that he enjoyed significantly more trust than a bank teller. See Milligan, 958 F.2d at 347. Carroll argues that he lacked special access to a computer system and that, as a result, his offense was not difficult to detect. He points out that lax supervision cannot transform an ordinary job into a position of trust. See Helton, 953 F.2d at 870.

Like Milligan, Carroll was audited only at four-month intervals. Moreover, in his post office, the accounting records were such that

4

even an audit of his drawer could not enlighten his supervisors as to exactly what he had been doing during that four-month period or on any given day. There was no way to determine whether a shortage in his drawer was caused by inadvertent mistakes on Carroll's part or by theft. Therefore, we find that Carroll's position involved something more than lax supervision, and the district court did not clearly err in finding that Carroll had been placed in a position of trust and in making the adjustment.

The conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5