[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15515
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00314-CR-1-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

LYNDA GUY,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(July 1, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Lynda Guy appeals her 21-month sentence for wire fraud, in violation of 18 U.S.C. § 1343. The Government cross-appeals. Guy argues that the district court erred in applying the two-level enhancement for an abuse of trust under U.S.S.G. § 3B1.3. On cross-appeal, the Government argues that the district court erred in ordering Guy to pay an amount of restitution ($50,000) that was less than the calculated amount of loss attributable to her ($171,497.83).

Upon review of the parties' briefs and the record, we find no error in the two-level enhancement of Guy's custodial sentence, but conclude that the district court erred in ordering restitution in an amount less than the calculated amount of loss attributable to Guy. Accordingly, we vacate the entire sentence and remand for resentencing.

I.

The Sentencing Guidelines call for a two-level enhancement if the defendant abused a position of public or private trust. U.S.S.G. § 3B1.3. The enhancement is proper if the government establishes that "(1) the defendant held a place of private or public trust; and (2) abused that position in a way that significantly facilitated the commission or concealment of the offense." *United States v. Walker*, 490 F.3d 1282, 1300 (11th Cir. 2007) (citation omitted). The enhancement applies only when the victim conferred the trust on the defendant. *Id*. (citation omitted).

Commentary to the Guidelines establishes that "'public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." U.S.S.G. § 3B1.3, comment. (n.1). A person in a position of trust ordinarily is "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." *Id*. While the enhancement would apply in the case of "a bank executive's fraudulent loan scheme," it would not apply "in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors." *Id*.

The determination of whether a defendant occupied a position of trust is extremely fact intensive. *United States v. Louis*, 559 F.3d 1220, 1225 (11th Cir.), *cert. denied* (U.S. May 26, 2009) (No. 08-10013). The following factors may be considered in determining whether a defendant was in a position of trust: (1) the extent to which the defendant's abuses could be readily noticed; (2) the defendant's duties compared to those of other employees; (3) the level of specialized knowledge required; and (4) the level of authority of the position. *United States v. Milligan*, 958 F.2d 345, 346 (11th Cir. 1992) (citations omitted) (upholding the enhancement when

applied to a post office counter clerk because he was subject to only limited supervision and had some degree of specialized knowledge).

The district court did not err in applying the two-level abuse-of-trust enhancement because the record demonstrates that Guy occupied a position of trust in her position with the Sylacauga Insurance Agency ("SIA"), which was owned by ANB Insurance Services, Inc. ("ANB"). Specifically, Guy had little oversight from ANB, her position involved duties different from all other employees in her office, she reported to the president of ANB, who was headquartered in another office, she was not subject to routine audits, and she was the only licensed insurance agent in the office. (R.3-12 at 10-11.) In light of this, and the undisputed fact that she used her position to facilitate her commission of wire fraud, the abuse-of-trust enhancement was properly applied.

## II.

A district court has limited discretion in calculating restitution. *Cani v. United States*, 331 F.3d 1210, 1214 (11th Cir. 2003). The Mandatory Victims Restitution Act of 1996 ("MVRA") provides that a district court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). The plain language of the statute mandates restitution in the full

4

amount of the victim's losses. *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002). Although the MVRA allows the district court to apportion liability for restitution among multiple defendants, it does not include any provision allowing the court to attribute fault for loss to a victim and reduce the amount of restitution on that basis. 18 U.S.C. § 3664(h).

The district court erred in ordering Guy to pay an amount of restitution less than the calculated amount of loss. The amount of loss, $171,497.83, was undisputed, and negligence on the part of ANB, the victim, in supervising Guy was not a valid basis on which to reduce the restitution amount to $50,000.

We conclude that the custodial sentence was appropriate, but that the court's calculation of restitution was erroneous. We vacate the entire sentence[1] and remand to the district court for resentencing consistent with this opinion.

We commit the decisions as to whether to conduct a resentencing hearing and as to the scope of any such hearing to the discretion of the district court. *See United States v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988) (recognizing that a district court may properly limit the scope of a resentencing hearing on remand because "it [is] in

---

[1]*See United States v. Siegel*, 102 F.3d 477, 482 (11th Cir. 1996) (vacating entire sentence and remanding to district court because, "it is appropriate that an entire case be remanded for resentencing when a sentencing scheme has been disrupted because it has incorporated an illegal sentence." (citations omitted)).

5

the interest of judicial economy for the court not to redo that which had been done correctly at the first hearing.")

VACATED AND REMANDED.