[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14358

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TIFFANY CULLIVER FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cr-00044-LSC-SMD-1

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Tiffany Franklin challenges her convictions and sentences for one count of embezzlement by a bank employee, in violation of 18 U.S.C. § 656 (Count 1); two counts of bank fraud, in violation of 18 U.S.C. § 1344(1) (Counts 2 and 3); and three counts of wire fraud, in violation of 18 U.S.C § 1343 (Counts 5, 6, and 8). She asserts several issues on appeal, which we address in turn.

## I.  DISCUSSION

### A.  Prior State Court Conviction

Franklin asserts the district court abused its discretion in allowing the Government to present evidence related to her prior state court conviction for theft of property. She also contends the district court abused its discretion in preventing her from presenting evidence she pled guilty to, and had already been sentenced in state court for, theft of property.

Rule 404(b) prohibits evidence of other crimes, wrongs, or acts from being admitted to prove a defendant's character in order to show action in conformity with her character, but such evidence may be admitted for other purposes. Fed. R. Evid. 404(b).

The district court did not abuse its discretion in allowing the Government to present evidence related to Franklin's state court conviction for theft of property from Goodwyn Middle School (GMS). *See United States v. Dodds*, 347 F.3d 893, 897 (11th Cir.

2003) (reviewing a district court's evidentiary rulings for abuse of discretion). In the second superseding indictment, the Government charged Franklin with wire fraud as part of a larger scheme to defraud GMS. As such, evidence of her scheme to defraud GMS was inextricably intertwined with the wire fraud charges in the second superseding indictment and not subject to Rule 404(b). *See United States v. Foster*, 889 F.2d 1049, 1054 (11th Cir. 1989) (stating evidence of criminal activity other than the charged offense that is inextricably intertwined with the offense for which the defendant was indicted is not subject to Rule 404(b)).

The district court did not abuse its discretion in preventing Franklin from presenting evidence that she pled guilty to theft of property charges related to her fraud against GMS. Her guilty plea in state court was not of consequence in determining her guilt or innocence on the wire fraud charges in federal court, and therefore, was not relevant to the trial. *See United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985) (providing to be relevant (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action). Because irrelevant evidence is inadmissible, the district court did not abuse its discretion in excluding evidence of Franklin's prior guilty plea. Fed. R. Evid. 402. Evidence of the broader fraudulent scheme was intrinsic to the wire fraud charges and not subject to Federal Rule of Evidence 404(b).

B. *Summary Witness*

Franklin also contends the district court abused its discretion in allowing the Government's summary witness to testify because she offered improper expert testimony and because her testimony was speculative.

Rule 1006 permits a party to use a summary or chart to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. Fed. R. Evid. 1006. A witness who presents summary testimony typically qualifies as a lay witness under Federal Rule of Evidence 701. *See United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006) (holding government witness's testimony was permissible lay testimony under Rule 701 because his review of the evidence was within the capacity of any reasonable lay person). Rule 701 allows lay testimony as to opinions or inferences which are: (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *Id.*

The district court did not abuse its discretion in allowing the Government's summary witness, Katheryn Scott, to testify. First, Franklin's contention Scott offered improper expert testimony is incorrect because Scott's summary testimony is permitted as lay-witness testimony under Federal Rules of Evidence 701 and 1006. Scott did not offer expert testimony, but instead summarized Franklin's voluminous bank records spanning from 2013 through

2018. Scott's testimony was not based on scientific or technical knowledge, but was instead based on her personal knowledge of investigating Franklin's bank records. *See Hamaker*, 455 F.3d at 1331-32.

## C. Sufficiency of the Evidence

Franklin asserts her convictions are not supported by sufficient evidence such that a reasonable jury could have found her guilty. After *de novo* review,[1] we conclude her convictions are supported by sufficient evidence.

### 1. Count One

Under 18 U.S.C. § 656, a defendant is guilty of embezzlement by a bank employee if, while employed at a federally insured bank, she embezzles or willfully misapplies any moneys. 18 U.S.C. § 656. To support a conviction under § 656, the government must prove: (1) the defendant was an employee of the bank; (2) the bank was connected in some way with a national or federally insured bank; (3) the defendant willfully misapplied the moneys or funds of the bank; and (4) the defendant acted with the intent to injure and

---

[1] We review a sufficiency of the evidence claim *de novo*, viewing the evidence in the light most favorable to the government and resolving all reasonable inferences in favor of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). Under *de novo* review, the jury's guilty verdict must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018).

6                      Opinion of the Court                    21-14358

defraud the bank.  *United States v. Salinas*, 601 F.2d 1279, 1287 n.15 (5th Cir. 1979).[2]

There is sufficient evidence in the record for a reasonable jury to find Franklin guilty of embezzlement by a bank employee under 18 U.S.C. § 656.  Franklin stipulated to the first two elements—that she was an employee at BB&T, and that BB&T was federally insured.  *See Salinas*, 601 F.2d at 1287 n.15.  The Government provided sufficient evidence to prove Franklin willfully misapplied the bank's funds including Franklin's written confession to Joe Rowe stating she took between $400 and $1500 per day from the vault for a total of $202,000, and that she avoided detection by force balancing her daily records so it appeared the amount of money in the vault was correct.  The Government also provided sufficient evidence that the jury could infer Franklin intended to injure and defraud BB&T.  Franklin admitted to Rowe she spent at least some of the money at the casino, and her bank records indicated she began gambling significantly more money in 2017, during the time of the alleged embezzlement.  As further evidence of her intent to defraud BB&T, Franklin admitted to force balancing her balance sheets, or lying on balance sheets to create the appearance the vault contained the correct amount of money, allowing her to conceal her embezzlement.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

### 2. Counts Two and Three

A defendant who knowingly executes, or attempts to execute, a scheme to defraud a financial institution violates 18 U.S.C. § 1344(1). A conviction for bank fraud under § 1344(1) requires proof that (1) the defendant intentionally participated in a scheme or artifice to deprive another of money or property; and (2) the intended victim was a federally insured financial institution. *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002). The Supreme Court acknowledged that check kiting schemes, where a defendant writes checks against an account with insufficient funds in a way designed to keep them from bouncing, may be brought under § 1344(1). *Loughrin v. United States*, 573 U.S. 351, 358 n.4 (2014).

There is sufficient evidence in the record for a reasonable jury to find Franklin guilty of bank fraud in violation of 18 U.S.C. § 1344(1). Franklin stipulated Wells Fargo was a federally insured bank between January 2012 and December 2014. The Government presented sufficient evidence for the jury to conclude Franklin participated in a scheme designed to defraud Wells Fargo. Specifically, the Government produced evidence that Jimmy Cutcher concluded at the time of his investigation, using video footage of the ATM machine, that Franklin deposited the two checks in question. The Government also showed evidence in the form of a transaction report of B.B.'s account that showed money was withdrawn from the account immediately after the checks were deposited. Finally, Cutcher testified that Franklin admitted to him that she knew

the checks she deposited were not supported by sufficient funds for Wells Fargo to deposit.  Based on this evidence, a reasonable jury could find Franklin intentionally participated in a scheme to defraud a federally insured bank.  *McCarrick*, 294 F.3d at 1290.

### 3. *Counts Five, Six, and Eight*

A conviction for wire fraud requires evidence the defendant (1) intentionally participated in a scheme to defraud another of property or money and (2) used or caused the use of wires to execute the scheme to defraud.  18 U.S.C. § 1343, *United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007).

There is sufficient evidence in the record for a reasonable jury to find Franklin guilty of wire fraud in violation of § 1343. Franklin stipulated the use of GMS's Walmart credit card would transmit by wire some communication in interstate commerce. The Government presented sufficient evidence for the jury to conclude Franklin used the Walmart credit card to defraud GMS of funds.  The Government presented evidence that in her role as the bookkeeper, Franklin was the custodian of GMS's Walmart credit card.  The Government presented evidence that a purchase made with the Walmart credit card without a purchase order signed by the principal or an identifiable reason the purchase would benefit the school was unauthorized.  The Government also presented evidence GMS's Walmart credit card was used to purchase individual gift cards valued at $350, $125, and $175, and there were no signed purchase orders for those transactions.  Further, Franklin signed the receipts associated with the purchase of those three gift cards.

When Franklin was asked by state auditors why she purchased those gift cards, she did not provide an answer.

The Government also produced evidence that Franklin's unauthorized use of the Walmart credit card was part of a larger scheme to defraud GMS that resulted in $7,067 of checks written from her personal bank account that were returned for insufficient funds; another $3,074 that teachers gave to Franklin but was never deposited into GMS's bank account; $675 in ticket sales that were not deposited into the GMS account; $907.55 in concession sales that were not deposited into GMS's account; and $148.26 in Walmart and Sam's Club purchases that were made for Franklin's personal benefit. Based on this evidence presented by the Government, the jury could reasonably conclude that Franklin participated in a scheme to defraud GMS, and, by using GMS's Walmart credit card, she used or caused the use of wires to execute that scheme. *Ward*, 486 F.3d at 1222; 18 U.S.C. § 1343.

### D. Abuse of Trust Enhancement

Finally, Franklin contends the district court plainly erred in applying a two-level sentencing enhancement for abuse of a position of trust.

To justify an abuse-of-trust enhancement under U.S.S.G. § 3B1.3, the government must show the defendant: (1) held a position of public or private trust; and (2) abused that position in a way that significantly facilitated the commission or concealment of the offense. *United States v. Morris*, 286 F.3d 1291, 1295 (11th Cir.

2002).  The commentary to § 3B1.3 states the enhancement does not apply in the case of embezzlement or theft by an ordinary bank teller.  U.S.S.G. § 3B1.3, comment. (n.1).  In *United States v. Milligan*, we held the enhancement applied to a postal window clerk's embezzlement of funds.  958 F.2d 345, 347 (11th Cir. 1992).  We noted that Milligan was subject to an audit only once every four months, and he had unsupervised access to programs that allowed him to move funds in and out of accounts as evidence he was given more trust than an ordinary bank teller.  *Id.*

Because Franklin did not object to the imposition of the two-level enhancement for abuse of trust in the district court, we review her claim for plain error.  *See United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005) (stating when sentencing issues are raised for the first time on appeal, we review for plain error).  Although the commentary to the Guidelines provides the enhancement does not apply to an ordinary bank teller, *see* U.S.S.G. § 3B1.3, comment. (n.1), there is no published decision by this Court or the Supreme Court addressing whether a vault teller occupies a position of trust relative to their employer.  *See United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) (stating an error is not plain unless it is contrary to explicit statutory provisions or controlling precedent from either the Supreme Court or our Court).  Franklin's position as the vault teller is similar to the defendant's position in *Milligan* because the vault was audited infrequently and she was entrusted with sole access to the vault.  *See*

*Milligan*, 958 F.2d at 347. The district court did not plainly err in imposing the two-level enhancement for abuse of position of trust.

## II.  CONCLUSION

The district court did not abuse its discretion in allowing the Government to present evidence relating to Franklin's prior state court conviction for theft of property, in preventing Franklin from discussing her prior guilty plea in state court, or in allowing the Government's summary witness to testify. The district court did not err in denying Franklin's motion for judgment of acquittal because sufficient evidence supported each count of conviction. The district court did not plainly err in applying a two-level enhancement for abuse of trust.

**AFFIRMED.**