996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnie D. FORD, Defendant-Appellant.
 No. 93-3094.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a motion to vacate sentence filed under 18 U.S.C. § 2255. Defendant contends he was denied the effective assistance of counsel; that he was deprived of due process by the government's known use of perjured testimony; and that the government acted arbitrarily in charging him under 18 U.S.C. § 924(c) when there was a potential sentencing enhancement available to it instead. Having reviewed the record and the briefs, we affirm the denial of the motion.
 
 
 3
 Mr. Ford's conviction was affirmed by this court by an order and judgment (Case No. 89-3299, August 29, 1990), which sets forth in detail the facts supporting the verdict. We shall not repeat them here except to note the evidence placed defendant at a location where crack cocaine was purchased and sold and in possession of a loaded firearm. Although he recanted at trial, over a period of an hour and a half while awaiting the conclusion of a search of the premises, defendant confessed in detail to his involvement with the crack cocaine and the firearm found during the search.
 
 
 4
 An informant, Robert Haywood, testified that in the month before the search he had purchased crack cocaine from the defendant at the searched premises. He also related he had observed defendant engage in crack transactions with others.
 
 
 5
 From the order and judgment, it appears the evidence against Mr. Ford was substantial. Notwithstanding, he argues that but for the failures of his counsel and the government's lack of rectitude, he would not have been convicted.
 
 
 6
 Mr. Ford's claim of ineffective assistance is based upon assertions that his attorney made four errors: 1) failing to investigate witnesses; 2) failing to subpoena witnesses; 3) failing to move for a continuance to produce the attendance of witnesses; and 4) failing to pursue a "viable defense."[1] Like the district court, we find no substance in any of these claims.
 
 
 7
 Some of the so-called witnesses counsel did not interview or subpoena were a local police officer and five confidential informants, all of whom were identified in an ATF agent's search warrant affidavit. In addition, there were three others who defendant states could have testified they did not see him in possession of crack cocaine on the day of the search. The district court reviewed the record and determined the failure to interview or call these witnesses was not prejudicial.
 
 
 8
 The police officer and the confidential informants (who apparently have never been identified) were referred to in the affidavit merely to establish the fact that crack cocaine was sold at the premises where defendant was ultimately found. The obvious purpose of this evidence was to establish probable cause to search and not to convict defendant. Defendant has not shown any of these people could have produced evidence relating to the charges or that they even had any knowledge relevant to those charges.
 
 
 9
 Of the three who would have testified they did not see defendant in possession of crack on the day the search was conducted, two gave statements to ATF agents otherwise implicating him. The third disappeared and was not discovered until after the trial. Assuming all three of these people would have testified as defendant suggests, that testimony would have been overwhelmed by the government's evidence.
 
 
 10
 The gaps in defendant's representations to us merely underscore the district court's finding that Mr. Ford has not demonstrated the requisite prejudice to succeed on his claim of ineffective assistance. Because we see nothing from the arguments or the record that indicates counsel's efforts fell below an objective standard of reasonableness or that the outcome of the trial would have been different, we conclude defendant's right to adequate representation was not denied. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 The district court found "conclusory [and] completely without merit" defendant's claim the government employed testimony that was knowingly perjured. Defendant argues at length that the testimony of Robert Haywood was incredible and that he subsequently recanted. He fails, however, to suggest, let alone establish, that the government knew the testimony was less than true, or, knowing it was false, the government intentionally introduced it against him. We agree with the district court's assessment of this argument. See United States v. Buchanan, 891 F.2d 1436, 1441 (10th Cir.1989), cert. denied, 494 U.S. 1088 (1990).
 
 
 12
 Defendant contends the government should not have been permitted to charge him with the firearms offense under 18 U.S.C. § 924(c) because he was exposed to a sentencing enhancement under U.S.S.G. § 2D1.1. Defendant makes no showing, however, that the government's discretion to select charges to file is inhibited in any way by the sentencing guidelines imposed upon a court after conviction. Because 18 U.S.C. § 924(c) states a criminal offense, United States v. Hill, 971 F.2d 1461 (10th Cir.1992) (en banc), the government has the right to charge it without regard to the provisions of the sentencing guidelines.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This claim was not specifically presented to the district court; therefore, we shall not address it as such. The claim, however, is simply another aspect of the other issues raised under the rubric of inadequate representation