**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Manuel SAUSEDA,**
**Defendant–Appellant.**

**No. 93–2111.**

United States Court of Appeals,
Tenth Circuit.

May 9, 1994.

---

William D. Fry of the Office of the Federal Public Defender, Las Cruces, NM, for defendant-appellant.

David Williams, Asst. U.S. Atty., Albuquerque, NM, (John J. Kelly, U.S. Atty., Louis E. Valencia, Asst. U.S. Atty., Albuquerque, NM, on the brief), for plaintiff-appellee.

Before WHITE, Associate Justice (Ret.); * SEYMOUR, Chief Judge; and MOORE, Circuit Judge.

WHITE, Associate Justice (Ret.).

Appellant was convicted on a two-count indictment, first for possessing with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and, second, for using a firearm during a drug trafficking crime contrary to 18 U.S.C. § 924(c). He was sentenced to consecutive terms of imprisonment, 37 months on count 1 and 60 months on count 2.

Appellant challenges both his conviction and sentence. When he was arrested, he was found to have on his person a .357 magnum pistol loaded with hollow point bullets, as well as a small amount of cocaine. Both the pistol and the cocaine were admitted into evidence. Admission of the latter is challenged by appellant as violative of FED. R.EVID. 404(b)[1] because, while the gun formed the basis for a criminal charge, possession of cocaine was not charged in the indictment was not relevant evidence to prove any element of the crimes for which he was on trial. Its admission, it is said, would only indicate appellant's propensity for criminal conduct, which is barred by Rule 404(b).

The trial court admitted the cocaine into evidence on the ground that "whatever he's got on him when he's arrested, the Government can go into that." Transcript of Proceedings in the United States District Court at 7. Rule 404(b), however, excludes evidence of other crimes to prove the character of a person in order to show action in conformity therewith; its specified grounds for admitting other-crimes evidence nowhere suggest that evidence of other, but uncharged, crimes solely because that evidence is found on the body of the person when arrested should escape the prohibition of the

---

* The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

[1]. FED.R.EVID. 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

rule. We thus hold that the stated ground for admitting the cocaine evidence was inadequate.

 The Government submits, as it did at trial, that the disputed evidence was admissible on other grounds consistent with Rule 404(b). We need not deal with the suggested alternate grounds for admissibility, however, for our examination of the record convinces us that admitting the cocaine evidence, even if error, did not affect a substantial right of appellant within the meaning of FED. R.CRIM.P. 52(a) and FED.R.EVID. 103 and, hence, cannot entitle him to a new trial or a remand for other action by the trial court.[2]

Appellant also claims that the trial court erred in adjusting upwards his sentence for obstructing justice by testifying untruthfully. We review such adjustment only for clear error, and no such error occurred here. As we have previously said in *United States v. Beaulieu,* 900 F.2d 1531 (10th Cir.), *cert. denied,* 497 U.S. 1009, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990):

> In our review of the trial court's decision to adjust, within the Guidelines, defendant's base offense level under Section 3C1.1 of the Guidelines we must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e).

*Id.* at 1535. *See also United States v. Keys,* 899 F.2d 983, 989 (10th Cir.), *cert. denied,* 498 U.S. 858, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990); *United States v. Morgan,* 936 F.2d 1561, 1573 (10th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992).

Appellant's conviction and sentence are *Affirmed.*

---

**2.** It is also claimed that FED.R.EVID. 403 barred admission of the cocaine because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. There is nothing to this claim in view of our affirmance on the basis of harmless error.