83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnie D. FORD, Defendant-Appellant.
 No. 95-3161.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY and SETH,[2] Circuit Judges, and BRIMMER,*** District Judge.
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Defendant appeals from his resentencing in which the district court made an upward adjustment for obstruction of justice based on perjury under U.S.S.G. 3C1.1. We affirm.
 
 
 1
 Defendant was convicted by a jury of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1) and using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). He was sentenced to 109 months' imprisonment for the drug offense and a consecutive sixty months for the firearm offense. The drug offense sentence included a two-level enhancement for obstruction of justice pursuant to 3C1.1 based on perjured testimony. This court affirmed the conviction. Subsequently, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255, alleging the district court improperly enhanced for obstruction of justice without making specific findings of perjury required by United States v. Dunnigan, 507 U.S. 87, 95 (1993). The district court granted the motion and resentenced defendant, again enhancing for an obstruction of justice after making specific findings that defendant's trial testimony included perjury. Defendant appeals from the resentencing, arguing the district court erred by imposing a two-level enhancement for obstruction of justice.
 
 
 2
 We review the district court's finding of perjury in a 3C1.1 context under the clearly erroneous standard. United States v. Fitzherbert, 13 F.3d 340, 344 (10th Cir.1993), cert. denied, 114 S.Ct. 1627 (1994). "Because 'the trial judge is entitled to observe the defendant at trial and consider in sentencing whether he ... gave perjured testimony,' we apply deference in reviewing a district court's finding of perjury." United States v. Yost, 24 F.3d 99, 106 (10th Cir.1994)(quoting United States v. Markum, 4 F.3d 891, 897 (10th Cir.1993)); see also United States v. Sauseda, 24 F.3d 97, 99 (10th Cir.1994)(deference given to district court's application of Sentencing Guidelines to facts).
 
 
 3
 Enhancement under 3C1.1 is appropriate "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." This enhancement applies to perjury. Id., commentary, application note 3(b). Perjury is defined based on 18 U.S.C. 1621. Dunnigan, 507 U.S. at 94. "A witness testifying under oath or affirmation violates this statute if [ ]he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. "[T]he law is clear that perjury requires proof that the witness's false testimony concerned a material matter designed to substantially affect the outcome of the case...." United States v. Hilliard, 31 F.3d 1509, 1518-19 (10th Cir.1994)(quotations omitted)(alteration in original); see also United States v. Arias-Santos, 39 F.3d 1070, 1077 (10th Cir.1994)("A statement is material under section 3C1.1 when, if believed, it 'would tend to influence or affect the issue under determination.' " (quoting U.S.S.G. 3C1.1, commentary, application note 5)), cert. denied, 115 S.Ct. 1156 (1995).
 
 
 4
 At resentencing, the district court found defendant committed perjury as to four matters during his trial testimony: (1) he did not know of or possess cocaine at 1926 Springfield, Kansas City, Kansas, on February 3, 1989; (2) he had not loaded a firearm that day or possessed a loaded firearm that day; (3) at no time had he ever been a cocaine dealer; and (4) he did not make the confessions of guilt testified to by law enforcement officers at trial. Defendant challenges each of these findings.
 
 
 5
 Defendant challenges the first finding, that he did not know of or possess cocaine at the above address on February 3, 1989, by alleging his testimony was not contradicted and its falsity was not established. According to defendant, the government's case was entirely circumstantial, based on constructive possession. The district court makes its factual determinations under a preponderance of the evidence standard, United States v. Beaulieu, 900 F.2d 1537, 1540 (10th Cir.), cert. denied, 497 U.S. 1009 (1990), and perjury may be proved through circumstantial evidence, United States v. Onumonu, 999 F.2d 43, 46 (2d Cir.1993); United States v. Akitoye, 923 F.2d 221, 229 (1st Cir.1991); United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 498 U.S. 961 (1990). Defendant's confession to law enforcement officers and the informant's testimony that he purchased cocaine from defendant at this residence in January 1989 support the district court's perjury finding. Possession of cocaine is a material matter which defendant is not likely to have been confused or mistaken about or to have forgotten. See United States v. Garcia, 994 F.2d 1499, 1509 (10th Cir.1993). Thus, because there is not a lack of evidence contradicting defendant's statements, see United States v. Ford, 996 F.2d 312, 1993 WL 213915, at * * 1 (10th Cir.1993)(table)(determination in prior 2255 appeal that evidence against defendant was substantial); see also Dunnigan, 507 U.S. at 95-96 (given numerous witnesses who contradicted respondent regarding many facts on which she could not be mistaken, there was ample evidence to support district court's findings), we conclude the district court's finding of perjury was not clearly erroneous. Cf. Hilliard, 31 F.3d at 1519-20 (lack of evidence to contradict the defendant's statements and render them possibly false made district court's findings clearly erroneous).
 
 
 6
 Defendant challenges the second finding, that he committed perjury by testifying that he had not loaded a firearm or possessed a loaded firearm on February 3, 1989, as immaterial to the elements of the crimes for which he was charged. According to defendant, 924(c)(1) does not require a firearm to be loaded in order to sustain a conviction. During the pendency of this appeal, the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995). Bailey held that 924(c)(1)[3] "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id. at 505. Although we do not decide in this appeal whether Bailey requires a firearm to be loaded, we do conclude the evidence established the firearm here was loaded, Ford, 1993 WL 213915, at * * 1, and a loaded firearm is "related" to the drug offense and therefore material, see United States v. Levy, 992 F.2d 1081, 1083-84 (10th Cir.1993); United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir.) (gun, which the defendant discarded, was relevant to charge of conspiracy to distribute methamphetamine as it could be used to back up drug deals), cert. denied, 502 U.S. 928 (1991). This finding of perjury was not clearly erroneous.
 
 
 7
 With regard to the third finding, that defendant committed perjury when he testified that he had never been a cocaine dealer, defendant again argues lack of materiality. Defendant contends that the informant's testimony, that he purchased crack cocaine from defendant in January 1989, does not relate to the "instant offense," as is required by 3C1.1. Although the conduct relied upon to support an obstruction of justice enhancement must relate to the crime of conviction, Levy, 992 F.2d at 1084, there is no requirement that the evidence directly apply to the elements of the offense. The evidence here established that defendant was a cocaine dealer. He confessed that he was a cocaine dealer; an informant testified that he had purchased cocaine from defendant at that location the previous month; and defendant had just left an apartment where his gun and the cocaine were found. Whether defendant was a cocaine dealer at any time, including February 3, was material to whether he possessed cocaine with an intent to distribute on February 3. This finding of perjury also was not clearly erroneous.
 
 
 8
 Finally, defendant challenges the district court's fourth finding, that he committed perjury when he denied making the confessions of guilt testified to by law enforcement officers, as lacking materiality to the events of February 3. In a prior order and judgment affirming denial of 2255 relief, this court noted that defendant confessed in detail his involvement with crack cocaine and the firearm, but recanted at trial. Ford, 1993 WL 213915, at * * 1. Defendant's confession was material because it was specific to February 3. The district court's finding of perjury was not clearly erroneous.
 
 
 9
 In a separate pro se brief, defendant argues the district court was precluded from making a second finding of perjury when the initial findings were inadequate. This argument is without merit. Cf. Markum, 4 F.3d at 898 (remanding for resentencing in accordance with Dunnigan requirement that district court make proper findings for obstruction of justice enhancement).
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Judge Seth died March 27, 1996. However, he had fully considered the matter and voted prior to his death
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [3]
 Defendant has not challenged the facts underlying his 924(c)(1) conviction. Thus, we do not now address the applicability of Bailey to the merits of defendant's firearm conviction. The disposition of this appeal, however, is without prejudice to a future 2255 motion based on the alleged applicability of Bailey