UNITED STATES COURT OF APPEALS

**Filed 2/29/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DALE F. SESSIONS,

      Defendant - Appellant.

No. 95-8023

(D.C. No. 94-CR-76)

(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

---

The parties have agreed that this case may be submitted for decision on the briefs.

See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate

record, this panel has determined unanimously that oral argument would not materially

assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

The case is therefore ordered submitted without oral argument.

Defendant Dale Sessions pled guilty to kidnapping a female juvenile and

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

transporting her across state lines, 18 U.S.C. § 1201(a)(2), and to using and carrying a firearm during and in relation to the kidnapping, 18 U.S.C. § 924(c).  He was sentenced to seventy-one months of incarceration for kidnapping, and a sixty-month consecutive sentence for using and carrying a firearm during a crime of violence.  This is a direct appeal of Defendant's judgment and sentence.

I.  Background

Mr. Sessions has a prior conviction from 1975, in Kenosha County, Wisconsin, for two counts of intercourse with a minor and two counts of sexual perversion.  Defendant, who was committed to a state hospital upon his convictions on four felony counts involving the kidnapping and forced rape of two teenage hitchhikers in Wisconsin, had escaped from the Mendota Wisconsin Mental Hospital in 1976.  Mr. Sessions was not apprehended until he was arrested on July 15, 1994, using the alias of Thomas L. Ferman.[1]

In approximately 1980, Defendant moved to Denver, Colorado, and started using

---

[1] The "real" Thomas L. Ferman actually died on August 18, 1971, at Meridan Township, Michigan, as a result of a drowning accident.  The United States is in possession of military records of Thomas L. Ferman showing that he died while serving in the U.S. Naval Reserve.  In 1971, Mr. Sessions was a member of the U.S. Navy at the Great Lakes Naval Training Center in Chicago, Illinois.  Defendant was discharged from the U.S. Navy in 1972 after a number of disciplinary episodes.

the assumed name, Thomas Ferman. After being arrested in this case, Defendant continually identified himself as Thomas L. Ferman. Defendant met with a pretrial services officer for purposes of preparing a pretrial services report, and he lied to the officer that his name was Thomas L. Ferman. A criminal history check on the Ferman name disclosed no criminal history. At his initial appearance before a magistrate judge in the District of Colorado, the Defendant again identified himself as Thomas L. Ferman. Upon his arrival in Wyoming, the Defendant once again lied to a pretrial services officer that his name was Thomas L. Ferman. At his arraignment, he also claimed that he was Thomas L. Ferman. Defendant even signed his plea agreement under the false name of Thomas L. Ferman. On July 18, 1994, the grand jury for the District of Wyoming returned a two-count indictment charging Thomas L. Ferman with kidnapping and the firearm charge.

Acting on a suspicion that the Defendant was not who he claimed to be, FBI agents requested that his fingerprints be cross-checked at the FBI Crime Laboratory in Washington, D.C. The FBI Crime Laboratory made a positive match between the fingerprints taken from the Defendant, posing as Thomas Ferman, and a set of fingerprints taken from Dale F. Sessions pursuant to his conviction in Wisconsin in 1975.[2]

---

[2] The FBI also matched various fingerprints removed from Defendant's house in Colorado with those of Dale Sessions, and they matched the fingerprint of the minor female victim in this case removed from the toilet seat of Defendant's house in Colorado.

After discovery that the Ferman name was only an alias used by the Defendant, the case was resubmitted to the grand jury on September 22, 1994, who returned an identical indictment against the Defendant, Dale F. Sessions a/k/a Thomas L. Ferman. Defendant has admitted through counsel that he falsely used the Ferman name before the district judge, the magistrate judge, and the two federal pretrial services officers.

Pursuant to the plea agreement between Mr. Sessions and the United States, the United States recommended a three-level offense reduction for acceptance of responsibility. Following the recommendation contained in the Presentence Investigation Report, at sentencing the court granted a two-point deduction in the sentence but denied Defendant a third-point reduction for acceptance of responsibility and enhanced his sentence by two points for obstruction of justice.

Defendant raises two issues on appeal. First, he asserts the district court erred in applying a two-level increase in the total offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Second, he claims the court erred in refusing to grant an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

II. Obstruction of Justice

A district court's decision to enhance a defendant's sentence for obstruction of justice under U.S.S.G. § 3C1.1 is generally only reviewable for clear error. United States v. McCann, 940 F.2d 1352, 1360 (10th Cir. 1991). We make a de novo review of questions of law concerning the proper interpretations of the sentencing guidelines. United States v. Levy, 992 F.2d 1081, 1083 (10th Cir. 1993).

The court cited two reasons for its obstruction of justice enhancement. First, the court found that Defendant provided materially false information to the presentencing officers and magistrate judge who were trying to assess whether Defendant should have been granted release on bond. Second, it found that the Defendant had provided materially false information to the district court which affected his sentencing.

Sentencing Guideline § 3C1.1 provides, "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Application Note 3 states that "providing materially false information to a judge or magistrate" and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" are types of conduct to which the obstruction of justice enhancement should apply. U.S.S.G. § 3C1.1, comment n.3(f)

5

and (h).[3]

Defendant admits that he told two federal probation officers, one U.S. magistrate judge, and one U.S. district judge that his name was Thomas Ferman, and that he therefore had no criminal history. The magistrate judge and the pretrial services officers were assessing whether Defendant--who in fact had previously escaped from incarceration--should be released on bail. The fact that the Defendant was living under the name of a dead man, had previously been convicted of raping two teenage hitchhikers in 1975, and was an escapee from a Wisconsin mental hospital is material information on the issue of the bond. The court's finding on this issue was not "clearly erroneous."

Defendant argues that the deception about his identity did not have a nexus to his crime of conviction. Appellant's Br. at 10. Defendant is correct that United States v. Gacnik, 50 F.3d 848, 852 (10th Cir. 1995), states that the obstructive behavior "must relate to the offense of conviction, [and] must be undertaken during the investigation, prosecution or sentencing." Defendant is wrong, however, that his use of the Ferman name had no bearing on the investigation, prosecution, or sentencing on either the

---

[3] "Material" is defined in Application Note 5 as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment n.5.

kidnapping charge or the gun charge. Defendant's lies about his name to the magistrate judge and pretrial services officers--which hid the fact that Defendant was wanted for escaping from incarceration--relate to his trustworthiness for release on bail in the instant offense. Indeed, Defendant was denied bail after it was discovered that he had an outstanding warrant for escape under his true name. In deceiving the district judge about his true identity, Defendant concealed facts that bore on his sentence in this case. In fact, Defendant received five criminal history points which he would not have received if his true identity were not discovered. [R., vol. VIII, at 31-32 (sentencing hearing transcript)]. The district court correctly found sufficient nexus between Defendant's deception about his identity and the investigation, prosecution, and sentencing of the instant offense.

Defendant argues that the deception about his true identity did not significantly hinder the investigation. Defendant cites to Application Note 4(a), which recommends against the obstruction of justice enhancement where using a false name does not result in a significant hindrance to the investigation or prosecution of the instant offense. U.S.S.G. § 3C1.1, comment n.4(a). The district court, however, specifically found that Defendant's "maintenance of a false identity was a significant hindrance to the investigation of this case." [R., vol. VIII, at 28 (sentencing hearing transcript).]. Given that the Defendant deceived presentencing officers, a magistrate judge, and a district court judge about his identity to hide his criminal past in order to affect his bond status

7

and his sentence, we conclude that the court was not clearly erroneous in finding the Defendant's use of a false name a significant hindrance.

## III. Acceptance of Responsibility

We review whether a defendant has accepted responsibility pursuant to U.S.S.G. § 3E1.1 under a clearly erroneous standard. United States v. Gacnik, 50 F.3d 848, 853 (10th Cir. 1995). The sentencing judge is "entitled to great deference on review" because he "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment n.5.

The district court "reluctantly" found the Defendant qualified for a two-level reduction under § 3E1.1(a) by clearly demonstrating acceptance of responsibility for his offense. [R., vol. VIII, at 28 (sentencing hearing transcript)]. Conduct resulting in enhancement of sentence for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment n.4. Application Note 3 explains:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

8

U.S.S.G. § 3E1.1, comment n.3.

Defendant asserts that the district court clearly erred in denying him the third-point reduction under U.S.S.G. § 3E1.1(b) because of his use of a false name. Section 3E1.1(b) states:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> (1)  timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2)  timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
>
> decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b). Defendant was originally indicted on July 18, 1994, and he did not decide to plead guilty until December 5, 1994. The record shows that the government had to do substantial work during the six months between Defendant's indictment and plea agreement. They had to analyze the evidence seized through search warrants, they had to analyze the fingerprints of the victim taken from Defendant's house, they had to cross-check the Defendant's fingerprints to uncover his true identity, and they had to re-indict the Defendant under his true name. In short, Defendant barely qualified for the two-level reduction under § 3E1.1(a), and the Defendant's plea was not timely enough to justify the

9

third point for acceptance of responsibility under § 3E1.1(b).

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge